UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roman Lavar Clement, | ) |
| | ) |
| | ) C/A No. 6:14-116-MGL-KFM |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| County of Greenville; | ) |
| South Carolina Department of Social Services, | ) |
| | ) |
| | ) |
| Defendants. | ) |

_____

**Background of this Case**

Plaintiff is a resident of Greenville, South Carolina.  Although the return address on the envelope (ECF No. 1-1) used by Plaintiff to mail the pleadings to the Clerk's Office appears to be a residential address, Plaintiff, on page 3 of the Complaint, states that he is "being jailed" for failure to pay child support (ECF No. 1 at 3).  In the above-captioned case, Plaintiff has brought suit against the County of Greenville and the South Carolina Department of Social Services.

The "STATEMENT OF CLAIM" portion of the Complaint reveals that this civil rights action arises out of Plaintiff's incarceration for failure to pay child support.  Plaintiff alleges or contends: *(1)* Plaintiff is "being jailed" for failure to pay child support, not for a crime; *(2)* Plaintiff's inability to pay child support is based on his inability to find employment; *(3)* Plaintiff is a member of the "Greenville one step (WIA)" program, attends job fairs, and has applied with all "temp" companies, but has not been hired; *(4)* Plaintiff "feel[s]" that his incarceration for failure to pay child support is a violation of his Equal

Protection rights; and *(5)* Plaintiff does not make $52 a week, and the South Carolina Department of Social Services is aware of this fact (ECF No. 1 at 3).  In his prayer for relief, Plaintiff asks that this Court "uphold" the Equal Protection Clause, release him from prison or "block" the State of South Carolina from imprisoning him until he can find employment, and award court costs (*Id.* at 5).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the Complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The South Carolina Department of Social Services is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535

2

U.S. 743 (2002); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978).

Greenville County is not responsible for child support orders issued by the Family Court for Greenville County.  It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973.  *See* Act No. 58, 1973 S.C. Acts 161; S.C. Const. art. V, § 1 (1973); and *State ex rel. McLeod v. Civil and Criminal Court of Horry Cnty.*, 217 S.E.2d 23, 24 (S.C. 1975).

Under the current version of Article V, Section 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."), the Supreme Court of South Carolina, *not* Greenville County, retains the *sole* authority to supervise magistrates' courts and municipal courts in Greenville County, the Family Court for Greenville County, and the Circuit Court for Greenville County.  *See Spartanburg Cnty. Dept. of Soc. Servs. v. Padgett*, 370 S.E.2d 872, 875–76 & n. 1 (S.C. 1988).  By virtue of Article V, Greenville County does not exercise administrative or supervisory authority over courts of the State of South Carolina's unified judicial system located within the geographical boundaries of Greenville County. Consequently, Greenville County is not a proper party defendant because it has no authority over South Carolina's unified judicial system and is not responsible for the alleged violations of Plaintiff's rights during the relevant times at issue in the above-captioned case.

This court does not have jurisdiction to review an order by a Family Court in South Carolina regarding Plaintiff's child support.  A federal district court cannot review decisions of state courts in non-habeas civil cases.  Although the application of the *Rooker-Feldman* doctrine has been limited, *see, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), and *Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 716–20 (4th Cir. 2006), appeals of orders issued by lower state courts must go to a higher state court.  Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257; *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); 28 U.S.C. 1738A (full faith and credit for child custody orders by state courts); and 28 U.S.C. 1738B (full faith and credit for child support orders issued by state courts).

Lastly, Plaintiff cannot obtain release from jail or prison in this civil rights action.  *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

### *Recommendation*

Accordingly, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  Plaintiff's attention is directed to the important Notice on the next page.

January 17, 2014                                          s/ Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

4

### Notice of Right to File Objections to Report and Recommendation

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).